**COMMUNICATIONS WORKERS OF AMERICA, Plaintiff-Appellee,**

v.

**UNITED TELEPHONE COMPANY OF OHIO, Defendant-Appellant.**

**No. 72-2097.**

United States Court of Appeals, Sixth Circuit.

Argued April 6, 1973.

Decided May 15, 1973.

James Allen Smith, Smith, Currie & Hancock, Atlanta, Ga., for defendant-appellant.

Melvin S. Schwarzwald, Cleveland, Ohio, for plaintiff-appellee; Metzenbaum, Gaines, Finley & Stern Co., L.P.A. by Norton N. Newborn, Cleveland, Ohio, on brief.

Before WEICK and EDWARDS, Circuit Judges and PRATT,* District Judge.

* Honorable Philip Pratt, United States District Judge for the Eastern District of Michigan, Southern Division, sitting by designation.

PER CURIAM.

The United Telephone Company appeals from a temporary injunction granted to appellee union against appellant telephone company prohibiting it from pursuing a unit clarification proceeding before the National Labor Relations Board, which proceeding the company had previously filed.

The underlying dispute concerns whether 20 clerical employees scattered through the various operations of the telephone company were or were not covered by the collective bargaining agreement. The agreement calls for arbitration of disputes over interpretations of the contract, and after the processing of a grievance in this regard and the refusal of the company to arbitrate, the union had filed suit in the District Court seeking an order from it addressed to the company requiring arbitration of the dispute and an injunction to restrain the NLRB proceeding.

The District Judge issued a temporary injunction, holding:

> Although there are two forums, an accommodation between them must be achieved so that the matter can proceed in an orderly fashion. An accommodation must be reached so that valuable judicial and administrative time is not wasted. At this time, then, order must be brought to bear on the situation.

■ ■ While we note that the injunctive order was addressed to the United Telephone Company and not to the National Labor Relations Board or its members, we believe that the District Judge failed to observe the import of Leedom v. Kyne, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958), and Boire v. Greyhound Corp., 376 U.S. 473, 84 S.Ct. 894, 11 L.Ed.2d 849 (1964), as well as the implications of Carey v. Westinghouse Electric Corp., 375 U.S. 261, 84 S.Ct. 401, 11 L.Ed.2d 320 (1964).

In this latter case the Supreme Court said:

> By allowing the dispute to go to arbitration its fragmentation is avoided to a substantial extent; and those conciliatory measures which Congress deemed vital to "industrial peace" (Textile Workers v. Lincoln Mills, *supra* [353 U.S. 448] at 455 [77 S.Ct. 912, 917, 1 L.Ed.2d 972]) and which may be dispositive of the entire dispute, are encouraged. *The superior authority of the Board may be invoked at any time.* Meanwhile the therapy of arbitration is brought to bear in a complicated and troubled area. Carey v. Westinghouse Electric Corp., *supra* 375 U.S. at 272, 84 S.Ct. at 409. (Emphasis added.)

Absent the narrow exception in Leedom v. Kyne, *supra,* the authority of the National Labor Relations Board in determining appropriate bargaining units should not be interfered with by the injunctive process, even for the laudable purposes described by the District Judge.

The judgment of the District Court is reversed and the case is remanded to that court for further proceedings not inconsistent with this opinion.